UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JENNIFER McQUEEN, | ) 1:15CV0612 |
| Plaintiff | ) |
| v. | ) JUDGE CHRISTOPHER BOYKO |
| | ) (Mag. Judge Kenneth S. Mchargh) |
| HORIZON SCIENCE ACADEMY CLEVELAND ELEM., INC. et al., | ) |
| Defendants | ) MEMORANDUM ) <u>AND ORDER</u> |

McHARGH, MAG. JUDGE

Plaintiff Jennifer McQueen has filed an amended complaint against defendants Horizon Science Academy Cleveland Elementary, Inc.; Horizon Science Academy Cleveland Middle School, Inc.; Horizon Science Academy Cleveland High School, Inc.; Noble Academy-Cleveland, Inc.; Concept Schools – Ohio, Inc.; and, Concept Schools, NFP; alleging violations of the Equal Pay Act and Title VII. (Doc. 3.) The first count of the amended complaint alleges violations of the Equal Pay Act, 29 U.S.C. § 206(d)(1). (Doc. 3, at ¶¶ 29-32.) The second count alleges "gender" (i.e., sex) discrimination in violation of Title VII, 42 U.S.C. § 2000e. (Doc. 3, at ¶¶ 33-37.)

According to the Amended Complaint, McQueen was employed as a janitor by various schools managed by defendant Concept Schools over a period of nine years.

(Doc. 3, Am.Compl., at ¶¶ 1-2.) Most recently, McQueen had been working at Horizon Science Academy Cleveland High School. (Doc. 3, ¶ 20.) While there, she learned that a male janitor, with 5 years experience, was earning over $35,000 per year, but she, with nine years experience, was making only $28,500. (Doc. 3, ¶¶ 21-23.) In early Feb. 2014, McQueen resigned from her job at the High School, and was unable to find employment until March 2015. (Doc. 3, ¶ 25.) McQueen filed a charge with the EEOC, alleging constructive discharge. (Doc. 3, ¶ 26; see also doc. 25, PX 3-G.)

Defendants have filed a motion to dismiss, alleging various insufficiencies in her EEOC charge, as well as that her amended complaint was filed beyond the 90-day period. (Doc. 17.) McQueen has filed an opposition (doc. 25), and the defendants have filed a reply (doc. 29.)

The defendant moves to dismiss, both pursuant to Civil Rule 12(b)(1), based on lack of subject-matter jurisdiction, and pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. (Doc. 17, at 1.)

The court must determine whether it has jurisdiction over the subject matter. Moir v. Greater Cleveland Reg'l Transp. Auth., 895 F.2d 266, 269 (6th Cir. 1990) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). If the court does not have jurisdiction, a motion to dismiss for failure to state a claim is moot. Id.

When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. Nichols v.

Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003); Hedgepeth v. Tennessee, 215 F.3d 608, 611 (6th Cir. 2000) (citing Moir, 895 F.2d at 269). The defendant's jurisdictional argument is that the court lacks subject matter jurisdiction over McQueen's Title VII claims. (Doc. 17, at 3.)

The court can look outside the pleadings to resolve a factual attack in a Rule 12(b)(1) motion to dismiss. Once a defendant has made a factual attack[1] through a Rule 12(b)(1) motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union H.S., Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004); see also Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007); United States ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007) (permissible for court to review evidence outside pleadings); Nichols, 318 F.3d at 677 (same). In the context of a Rule 12(b)(1) motion, however, this supplemental evidence does not convert the motion into a motion for summary judgment. Rogers v. Stratton Indus., Inc., 798 F.2d 913, 917 (6th Cir. 1986).

---

[1] A factual attack is not a challenge to the sufficiency of the allegations of the complaint, but a challenge to the factual existence of subject matter jurisdiction. *Maldonado Parra v. Gonzales*, No. 4:04CV920, 2006 WL 2463665, at *3 (N.D. Ohio Aug. 21, 2006) (citing *Walters v. Leavitt*, 376 F.Supp.2d [746], 752 (E.D. Mich. 2005)).

In their Reply in support of their motion to dismiss, the defendants point out that McQueen has failed to attach her "right to sue" letter to either the complaint, or to her opposition to the motion to dismiss. The defendants argue that, once failure to exhaust administrative remedies has been raised as an issue, the plaintiff must produce the "right to sue" letter, and McQueen's failure to do so "precludes the Court's exercise of jurisdiction here against any defendant, and cannot be overlooked."  (Doc. 29, at 2.)

The Sixth Circuit has stated that an individual may not file suit under Title VII unless she possess a "right to sue" letter from the EEOC.  EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 456 (6th Cir. 1999) (citing Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1032 (6th Cir. 1998)).  This is not a "jurisdictional" requirement, however, but a condition precedent to filing suit.  See, e.g., Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989); Simpson v. First USA Mgmt., No. 2:06CV270,  2006 WL 2192472, at *1 (S.D. Ohio Aug. 1, 2006).

Some federal courts have dismissed an action where the plaintiff failed to attach the "right to sue" letter to either the complaint or the memorandum in opposition to a dispositive motion, viewing that failure as a failure to demonstrate that administrative remedies were exhausted.  See, e.g., Dickerson v. Associates Home Equity, No. 01-5027, 2001 WL 700818, at *1 (6th Cir. June 15, 2001); Davy v. Union County Health Dept., No. 2:03CV1079, 2005 WL 3299075, at *4 (S.D. Ohio Dec. 5, 2005); Ford v. City of Utica Parks Dept., 100 F.Supp.2d 148 (N.D. N.Y.

4

2000). But see Lott v. Kmart, No. 2:13CV990, 2013 WL 6670381, at *4 (S.D. Ohio Dec. 18, 2013), adopted by, 2014 WL 234665 (S.D. Ohio Jan. 22, 2014) (dismissing without prejudice to re-file with right to sue letter).

In other cases, for example where the defendant does not assert that a "right to sue" letter does not exist, merely that it is not in the record, the court did not immediately dismiss, but allowed a plaintiff a short period of time to produce the letter. See Moore v. University Hosp. Cleveland Med. Ctr., No. 1:11CV508, 2011 WL 3349819, at *2 (N.D. Ohio Aug. 2, 2011) (citing Coburn v. Cargill, 2009 WL 890059, at *1 (W.D. Tenn. Mar.26, 2009)) (20 days). See also Martin v. Mount St. Mary's University Online, No. 15-1180, 2015 WL 4734707, at *1 (10th Cir. Aug. 11, 2015) (30 days).

Here, the defendants' motion to dismiss notes that McQueen alleges she received notice of her right to sue on Dec. 29, 2014. (Doc. 17, at 7, citing Am.Comp., at ¶ 27). Their Reply then raises the issue that McQueen failed to attach her "right to sue" letter to either the complaint, or to her opposition to the motion to dismiss, in response to their exhaustion argument. (Doc. 29, at 2.)

The defendants do not assert that a "right to sue" letter does not exist, just that it has not been provided for the record. In an abundance of caution to protect the rights of the plaintiff, and without resolving whether production of a "right to sue" letter is necessary to survive a Rule 12(b) motion to dismiss, the court

ORDERS the plaintiff to file the letter with the court within twenty-one (21) days from the date of this Order.

    IT IS SO ORDERED.

Dated:  <u>Dec. 17, 2015</u>              <u>/s/ Kenneth S. McHargh</u>
                                              Kenneth S. McHargh
                                              United States Magistrate Judge